# LIBERTY MANAGEMENT, INC. v COLLIER

## Case No. 90-14889-COCE-51

County Court, Broward County

November 7, 1990

### APPEARANCES OF COUNSEL

**Jack F. Weins, Esquire,** for plaintiff.

**Abbe Cohn, Esquire,** Legal Aid Service of Broward County, Inc., for defendant.

### OPINION OF THE COURT

LEONARD L. STAFFORD, County Judge.

### *ORDER OF DISMISSAL WITHOUT PREJUDICE*

THIS CAUSE came on for hearing before this Court on October 22, 1990 upon the Defendant's Motion to Dismiss Complaint for Tenant Eviction. The Court having heard argument of Defendant's counsel and Plaintiff's counsel, having reviewed its file, and being otherwise fully advised in the premises, makes the following

### FINDINGS OF FACT AND
### CONCLUSIONS OF LAW

## I.

### *FINDINGS OF FACT*

1. Defendant is a tenant under a lease agreement providing for a subsidized rental payment pursuant to the Section 8 Existing Housing Program of the United States Housing Act of 1937.

2. Plaintiff is a landlord charged with the administration of the subject premises in accordance with a lease and applicable federal regulations and state law incorporated therein.

3. Plaintiff has attempted to evict the Defendant by electing not to renew the lease.

4. The notice dated July 23, 1990 attached to the Plaintiff's Complaint states that the Plaintiff is terminating the Defendant's tenancy by not renewing the lease.

5. The Plaintiff did not notify the Broward County Housing Authority in writing of its intentions to terminate the Defendant's tenancy.

## II.

### *CONCLUSIONS OF LAW*

6. The Plaintiff cannot terminate the Defendant's tenancy simply by electing not to renew the lease. The Plaintiff must terminate the tenancy for one of the reasons provided by the lease, to wit:

[Q] *Termination of Tenancy.*

[1]. The Landlord shall not terminate the tenancy except for:

[i]. Serious or repeated violation of the terms and conditions of the Lease;

[ii]. Violation of Federal, State, or local law which imposes obligations on a tenant in connection with the occupancy or use of the dwelling unit and surrounding premises; or

[iii]. Other good cause. However, during the first year of the term of the lease, the owner may not terminate the tenancy for "other good cause" unless the termination is based on malfeasance or nonfeasance of the Tenant Family.

7. The Plaintiff failed to comply with State law and provide the Defendant with a notice pursuant to Chapter 83, Florida Statutes, prior to initiating a Complaint for Tenant Eviction. Thus, the notice dated

July 23, 1990 attached to the Plaintiff's Complaint is fatally and jurisdictionally defective and the Court lacks subject matter jurisdiction herein.

8. The Plaintiff failed to comply with federal regulations by failing to notify the Broward County Housing Authority in writing pursuant to 24 C.F.R. § 882.215(c)(4) of the commencement of eviction procedures at the same time the Plaintiff gave the notice dated July 23, 1990 to the Defendant. Thus, the Plaintiff's Complaint for Tenant Eviction is fatally and jurisdictionally defective and the Court lacks subject matter jurisdiction herein.

Therefore, it is ORDERED AND ADJUDGED that:

A. The Defendant's Motion to Dismiss Plaintiff's Complaint for Tenant Eviction be and the same is hereby GRANTED.

B. The Plaintiff's Complaint for Tenant Eviction is hereby dismissed without prejudice.

C. The Court retains jurisdiction on the issue of attorney's fees.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of November, 1990.